UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RICKY KAMDEM-OUAFFO,

                Plaintiff,

      -against-

BAKER BOTTS, L.L.P., *et al.*,

                Defendants.
-----------------------------------------------------------x

ORDER

23-CV-2008 (CS)

Seibel, J.

    Plaintiff Ricky Kamdem-Ouaffo, who is appearing *pro se,* paid the filing fees to initiate this action. The Court dismisses the Complaint for the reasons set forth below.

    Plaintiff filed this lawsuit against approximately thirty Defendants. (ECF No. 1 ("Compl.").) He asserts as his bases for jurisdiction Federal Rule of Civil Procedure 60(d), the Fourteenth Amendment, the Fair Debt Collection Practices Act ("FDCPA"), diversity of citizenship and supplemental jurisdiction. (*Id.* ¶¶ 87-95.) His allegations relate to four sets of events: 1) a 2010 case he filed in New York Supreme Court, Westchester County; 2) a 2014 case he filed in this Court; 3) a 2021 case filed against him in Nassau County by his former attorneys, which resulted in levies or garnishments in New Jersey; and 4) debt collection efforts in New Jersey by those attorneys in 2022. Defendants are, generally speaking, attorneys, opposing parties, witnesses and court personnel.

    In connection with the 2010 Westchester case, he appears to allege fraud on the court, violation of New York Judiciary Law § 487, conspiracy, and breach of fiduciary duty. In connection with the 2014 case, he appears to allege fraud on the court, a due process violation, and violation of Judiciary Law § 487. In connection with the Nassau County litigation and the

subsequent collection efforts, he appears to allege an FDCPA claim, a due process violation, fraud on the court, violation of Judiciary Law § 487 and conspiracy. He seeks orders vacating the decisions in the 2010 Westchester case and the 2014 federal case, the injunctions he apparently sought in those cases, vacatur of levies and garnishments, and $50 million in damages.

## LEGAL STANDARDS

Plaintiff has requested the issuance of summonses. (ECF Nos. 3-33, 35.) The Court declines to order the issuance of summonses because all claims are dismissed. The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (*per curiam*) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances."), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).[1] "[N]otwithstanding any filing fee that may have been paid, 28 U.S.C. § 1915(e)(2) authorizes a district court to dismiss a case at any time if the court determines that the action fails to state a claim upon which relief can be granted." *Johnson v. James*, 364 F. App'x 704, 705 (2d Cir.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations. The Court will send Plaintiff copies of any unpublished decisions cited in this Order.

2010).  Courts should exercise great caution in dismissing *pro se* complaints before service, and should not dismiss without allowing amendment at least once, if there is any indication that a valid claim could be stated.  *See Walker v. CIBC Ltd.,* No. 20-CV-1337, 2021 WL 3518439, at *6 (N.D.N.Y. Apr. 13, 2021), *report and recommendation adopted*, 2021 WL 3204860 (N.D.N.Y. July 29, 2021).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief."  *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Complaints by *pro se* plaintiffs are to be examined with "special solicitude," *Tracy v. Freshwater*, 620 F.3d 90, 102 (2d Cir. 2010), "interpreted to raise the strongest arguments they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), and "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*).  Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations" that the plaintiff has not pleaded.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

First, Federal Rule of Civil Procedure 60(d) allows a court to "entertain an independent action to relieve a party from a judgment" or to "set aside a judgment for fraud on the court," *see* Fed. R. Civ. P. 60(d)(1), (3), but only as to a federal case.  "Rule 60(d)(1) does not give [a] Court authority to review [a] state court's decision."  *Bartlett v. Tribeca Lending Corp.*, No. 22-CV-5761, 2022 WL 2788060, at *1 n.1 (S.D.N.Y. July 14, 2022).  Thus, this Court can consider an action under Rule 60(d) only as to the federal case, and thus, the fraud on the court claims as to the state court proceedings are dismissed.

But because "[a]n independent action pursuant to Rule 60(d) should be entertained only rarely, and then only under unusual and exceptional circumstances," *Iorio v. @Wireless LLC*, No. 18-CV-1793, 2022 WL 19335, at *1 (D. Conn. Jan. 3, 2022), I find that the fraud on the court claim as to the federal court proceedings is also dismissed.  "Rule 60(d) actions are warranted only when necessary to prevent a grave miscarriage of justice."  *LinkCo, Inc. v.*

4

*Naoyuki Akikusa*, 367 F. App'x 180, 182 (2d Cir. 2010) (summary order).  "To meet the rule's stringent and narrow requirements for relief, the movant must show that the fraud seriously affects the integrity of the normal process of adjudication, by clear and convincing evidence, and that the fraud, misrepresentation or conduct actually deceived the court."  *United States ex rel. Brutus Trading, LLC v. Standard Chartered Bank*, No. 18-CV-11117, 2021 WL 4772142, at *6 (S.D.N.Y. Oct. 13, 2021).  "Fraud upon the court should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases."  *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 16-CV-10047, 2023 WL 2706989, at *2 (S.D.N.Y. Mar. 30, 2023).  "Conclusory allegations cannot support a claim of fraud on the court under Rule 60(d)."  *Id*.  "To succeed on a Rule 60(d) motion, fraud upon the court must be established by clear and convincing evidence."  *Id*.

    Plaintiff has not met this standard.  His claim that counsel for the defendant in the federal case were aware of facts undermining their position is wholly conclusory.  That the defendant's counsel in the federal case argued that the 2010 Westchester case was *res judicata* does not show that they knew there had been any fraud in obtaining the Westchester judgment.[2]  Nor has he shown a due process violation.  None of the individuals he wishes to sue are state actors to whom the due process clause applies, except for Defendant Armando Fontoura, an Essex County Sheriff, who had nothing to do with the 2014 federal litigation.  *See United States*

---

[2] For the same reasons, Plaintiff has not met the standard under Judiciary Law § 487, under which liability attaches "only if the deceit is extreme or egregious."  *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 419 F. Supp. 3d 668, 710 (S.D.N.Y. 2019).  But because I do not exercise supplemental jurisdiction over the non-federal claims, as discussed below, I need not address this cause of action.

*v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").  The Court therefore dismisses the claims arising from the 2014 federal case.

Second, Plaintiff has failed to state a due process violation under the Fourteenth Amendment.  As an initial matter, due process claims cannot be brought against private parties.  *See United States v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").  Moreover, all but one of the state actors sued by Plaintiff are judges or court personnel, who are immune from suit.  *See Peker v. Steglich*, 324 F. App'x 38, 39-40 (2d Cir. 2009) (summary order).  As to the remaining state actor, Defendant Fontoura, Plaintiff has failed to provide any facts plausibly alleging that he denied Plaintiff due process.

Third, the federal claim under the FDCPA is dismissed because Plaintiff does not plausibly allege that the Defendants he wishes to sue fall within the definition of "debt collector," 15 U.S.C. § 1692(a)(6), and in any event, no venue lies in this Court for events occurring in Nassau County and New Jersey, *see* 28 U.S.C. § 1391(b).  For the same reason, venue is improper over any state law claims relating to the collection efforts.[3]

---

[3] In addition, as discussed below, Plaintiff has not plausibly alleged diversity jurisdiction over any state-law claims relating to the debt collection.

Finally, all federal claims having been dismissed, and having considered the applicable factors, I decline to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). I could consider those claims if a separate ground for jurisdiction – such as complete diversity, *see* 28 U.S.C. § 1332 – existed. But because Plaintiff does not provide the domicile of a number of the Defendants he wishes to sue (providing only their office addresses), I cannot determine that I have subject matter jurisdiction on the basis of complete diversity over any state-law claims.

As to the claims relating to the 2010 case, even if I had subject matter jurisdiction, to the extent Plaintiff seeks vacatur of the 2010 Westchester decision, that relief would be barred by the *Rooker-Feldman* doctrine. *See, e.g., Wilson v. Neighborhood Restore Dev.*, No. 18-CV-1172, 2019 WL 4393662, at *4 (E.D.N.Y. Sept. 13, 2019). To the extent he seeks damages, his claims under Judiciary Law § 487 and for fraud would be dismissed because his factual allegations do not rise the level required by those causes of action. *See id.* at *6 (fraud must be pleaded with particularity); *O'Callaghan v. Sifre*, 537 F. Supp. 2d 594, 596 (S.D.N.Y. 2008) (claims that attorney made meritless or unfounded allegations in state court proceedings would not be sufficient to set forth violation of Judiciary Law § 487). Nor does he provide facts plausibly suggesting the existence of a conspiracy, or that any Defendant owed him a fiduciary duty and breached it.[4] That the state court judge found a fact to be undisputed does not mean that

---

[4] A claim that lawyers breached their fiduciary duty to the client in most cases amounts to a claim for legal malpractice. *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 780 N.Y.S.2d 593, 596 (App. Div. 2004). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinarily reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable

7

Plaintiff's counsel stipulated to it; rather, it just means that that fact was supported by evidence in the record and there was no evidence in the record disputing it.   Plaintiff does not provide facts plausibly suggesting that the lawyers for either side knew that fact to be false, or even that it was false.   That PepsiCo said in 2018 that it had decided not to commercialize a product is not inconsistent with that product being considered only for research back in 2009.   Further, Plaintiff has not explained – at least in any way the Court can understand – how this alleged inconsistency would have affected the outcome of the 2010 litigation.[5]

Plaintiff proceeds in this matter without the benefit of an attorney.   District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.   See *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).   Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).   In an abundance of caution, the Court grants Plaintiff 30 days' leave to replead his claims.   If he chooses to do so, he must bear in mind the legal principles set forth in this Order.   He must also make a greater effort to explain what each individual Defendant did in connection with each claim.   *See*

---

damages."   *Schurz v. Bodian*, 939 N.Y.S.2d 81, 82 (App. Div. 2012).   "To establish the element of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence."   *Id*.   The facts provided by Plaintiff do not meet this standard.

[5] Moreover, although affirmative defenses are waivable and therefore not grounds to dismiss a complaint *sua sponte*, if the claims here were to go forward, defendants surely would raise the defenses that the claims are barred by the statute of limitations and the doctrine of *res judicata*.

*Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 531 F. Supp. 3d 673, 728 (S.D.N.Y. 2021) (group pleading violates Rule 8(a) of the Federal Rules of Civil Procedure because it "fails to give each defendant fair notice of the claims against it").

## CONCLUSION

The Complaint is dismissed, with leave to replead within 30 days. If an Amended Complaint is not filed by July 5, 2023, the case will be dismissed without further notice.

Dated: June 5, 2023
      White Plains, New York

*Cathy Seibel*

_____
CATHY SEIBEL, U.S.D.J.