```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RICKY KAMDEM-OUAFFO,

                        Plaintiff,
                                                                        ORDER
           -against-
                                                                        23-CV-2008 (CS)
BAKER BOTTS, L.L.P., et al.,

                        Defendants.
-----------------------------------------------------------x
```

Seibel, J.

      Plaintiff's motion for reconsideration, (ECF Nos. 37-39), of my June 5, 2023 Order, (ECF No. 36), is, like his complaint, extremely difficult to follow.  As best as I can discern, he argues that the *Rooker-Feldman* doctrine does not bar his claims relating to the 2010 Westchester County case, because those claims arise out of Defendants' fraudulent conduct in that case, not out of harm caused by the judgment.  I invoked *Rooker-Feldman* with respect to the 2010 case only to the extent Plaintiff sought vacatur of the judgment in that case, and I adhere to that decision, because the Supreme Court of the United States is the only federal court that can overturn a civil judgment rendered by a state court.  *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

      Plaintiff further takes issue with my ruling relating to the 2014 federal case: "That the Defendant's counsel in the federal case argued that the 2010 Westchester case was *res judicata* does not show that they knew that there had been any fraud in obtaining the Westchester judgment."  He argues that the Baker Botts lawyers in the 2014 federal case must have known that the Westchester court in the 2010 case was fraudulently deceived that the technology at issue was for research purposes only, because the same firm told Judge Forrest, and she incorporated

in a 2018 ruling, that the technology was not yet commercialized based on cost and lack of demand.  Again, I do not see how those two representations conflict.  Indeed, it makes perfect sense that a work on a product that could not yet be successfully commercialized would be for research purposes.  As I noted, PepsiCo saying "in 2018 that it had decided not to commercialize a product is not inconsistent with that product being considered only for research back in 2009."  Nor does patenting that technology plausibly suggest it was not then for research purposes, let alone that counsel knew it.

I need not address Plaintiff's arguments about venue relating to his FDCPA claims because none of the defendants is plausibly a "debt collector" within the meaning of that statute, and I have declined to exercise supplemental jurisdiction over state claims relating to collection efforts.  Contrary to Plaintiff's suggestion, the Court did not rely on the *Rooker-Feldman* doctrine in dismissing the claims relating to collection efforts.

Finally, Federal Rule of Civil Procedure 4(k)(B), which relates to obtaining personal jurisdiction over a defendant, is irrelevant to my rulings.

*I will extend Plaintiff's time to file an Amended Complaint to August 9, 2023.  If an* Amended Complaint is not filed by that date, the case will be dismissed without further notice (which will be a final judgment from which Plaintiff may appeal if he sees fit).  If Plaintiff files an Amended Complaint, he must make a much greater effort to make his claims comprehensible; he must not assume the reader's familiarity with either the prior proceedings or with chemistry; he must be specific about what each individual Defendant is alleged to have done, and how that

conduct violated Plaintiff's rights; and he must bear in mind the legal principles set forth in this Order and my June 5, 2023 order.

Dated: July 26, 2023
      White Plains, New York

                                              _____
                                              CATHY SEIBEL, U.S.D.J.