UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
RICKY KAMDEM-OUAFFO,

              Plaintiff,

     -against-

BAKER BOTTS, L.L.P., *et al.*,

              Defendants.
---------------------------------------------------------x

ORDER

No. 23-CV-2008 (CS)

Seibel, J.

    *Pro Se* Plaintiff Ricky Kamdem-Ouaffo has, with leave, (ECF Nos. 36, 40), filed an Amended Complaint, (ECF No. 11). The Court has done its best to unravel the prolix Amended Complaint, which is anything but the "short and plain" statement required by Federal Rule of Civil Procedure 8(a). *See. e.g., In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 218 F.R.D. 76, 77-78 (S.D.N.Y. 2003). I incorporate by reference my prior Orders in this case, (ECF Nos. 36, 40), and dismiss the Complaint for the reasons set forth below and in those Orders.

    The Amended Complaint has done little to clarify the earlier Complaint. Plaintiff still has not alleged facts plausibly reaching the extraordinary level required by Federal Rule of Civil Procedure 60(d). *See, e.g., LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180, 182 (2d Cir. 2010) (summary order); *Iorio v. @Wireless LLC*, No. 18-CV-1793, 2022 WL 19335, at *1 (D. Conn. Jan. 3, 2022); *United States ex rel. Brutus Trading, LLC v. Standard Chartered Bank*, No. 18-CV-11117, 2021 WL 4772142, at *6 (S.D.N.Y. Oct. 13, 2021), *aff'd sub nom. Brutus Trading, LLC v. Standard Chartered Bank*, No. 20-2578, 2023 WL 5344973 (2d Cir. Aug. 21, 2023).

Plaintiff also asserts federal claims under 42 U.S.C. § 1983 (Counts 3 and 4, which are duplicative of one another) and the Fair Debt Collection Practices Act ("FDCPA") (Count 5). With respect to the FDCPA claim, Plaintiff has identified debt collectors, but he does not plausibly state a claim against them, as his allegations of misconduct (even if they were plausible) are against the underlying creditors or the immune court personnel involved in issuing allegedly invalid orders.   He does not specify any provision of the FDCPA pursuant to which he sues the debt collectors, nor does he explain how they violated any such provision.   Moreover, the debt collection activity at issue appears to have taken place in the District of New Jersey, so venue does not lie in this Court in any event.   See 28 U.S.C. § 1391(b).

Plaintiff's claims under § 1983 are for violations of due process and the equal protection clause.   The individuals he wishes to sue are largely judges and court personnel involved in cases in Nassau County and New Jersey.   They are immune from suit.   See Peker v. Steglich, 324 F. App'x 38, 39-40 (2d Cir. 2009) (summary order).   Plaintiff seems to also wish to sue the debt collectors and a bank under § 1983, but such a claim fails because § 1983 claims for violation of constitutional rights can only be brought against state actors.   See United States v. Int'l Brotherhood of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991).   It may also be that Plaintiff intends to sue an arbitrator, although it is not clear because he also seems to claim that no such individual exists.   To the extent he intends to sue an arbitrator under § 1983, any such claim would fail because an arbitrator is not a state actor.   See Porush v. Lemire, 6 F. Supp. 2d 178, 186 (E.D.N.Y. 1998).   Finally, while Plaintiff wishes to sue a New Jersey sheriff, the only conduct on that individual's part that Plaintiff alleges is the enforcement of a facially valid court order, which is insufficient to state a due process violation.   See, e.g., Ngemi v. Cnty. of Nassau, 87 F. Supp. 3d 413, 415 (E.D.N.Y. 2015).   Nor has Plaintiff plausibly alleged that any action by

any putative defendant was based on Plaintiff's membership in a protected class or that he was treated differently from any extremely similarly situated individual, one or the other of which is required to state an equal protection claim.  *See, e.g., Progressive Credit Union v. City of New York*, 889 F.3d 40, 49 (2d Cir. 2018); *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000).   Moreover, this court lacks venue over conduct in the Eastern District of New York or the District of New Jersey. *See* 28 U.S.C. § 1391(b).

Accordingly, the federal claims are dismissed.

All federal claims having been dismissed, and having considered the applicable factors, I decline to exercise supplemental jurisdiction over any remaining state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).   Moreover, I cannot find the existence of diversity jurisdiction because Plaintiff still does not provide the domicile of numerous of the individuals he wishes to sue.   Further, Plaintiff appears to be under the impression that diversity jurisdiction exists if he – a domiciliary of New Jersey – names any defendants who are not residents of New Jersey.   But complete diversity requires that all defendants be domiciled in a state other than New Jersey, *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 670 (E.D.N.Y. 2017), which, according to Plaintiff, is not the case here.

Because Plaintiff has been given the opportunity to amend but has disregarded the guidance provided in previous Orders and continues to bring essentially the same invalid claims, I have no reason to believe that another opportunity to amend would result in a plausible complaint, and thus decline to grant leave to amend a second time.  *See Barsella v. United States*, 135 F.R.D. 64, 66-67 (S.D.N.Y. 1991); *see generally, e.g., Nat'l Credit Union Admin. Bd.*

*v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result).

For these reasons and the reasons set forth in my earlier Orders (ECF Nos. 36, 40), the Amended Complaint is dismissed. The Clerk of Court is respectfully directed to close the case.

Dated: September 7, 2023
       White Plains, New York

                                                _____
                                                CATHY SEIBEL, U.S.D.J.